## BAZILLE & PARTRIDGE, INC. v. AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK AND OTHERS.[1]

May 25, 1923.

No. 23,382.

**Finding of substantial damage sustained by evidence.**

1. The evidence sustains the finding of the jury that a stock of wall paper owned by plaintiff was substantially damaged by smoke.

**Verdict sustained by evidence.**

2. The evidence also sustains the finding of the jury as to the amount of damage suffered.

**Testimony of witnesses as to damage from smoke admissible.**

3. The qualification of expert witnesses is a matter resting largely in the discretion of the trial court and there was no error in permitting certain witnesses to testify as to the damage suffered, basing their estimate on the testimony of witnesses given in court as to the smoke conditions.

**Testimony as to sale of damaged stock admissible.**

4. Defendants were not prejudiced by an answer of a witness who had charge of disposal of the stock after the fire, as to the amount realized for the stock. The witness gave testimony tending to show that the stock was disposed of in the open market under the best possible conditions, and the evidence was properly received.

Action in the district court for Ramsey county against 30 insurance companies. The case was tried before Hanft, J., who made findings and ordered judgments against the respective defendants

[1]Reported in 194 N. W. 14.

aggregating $51,586.14. The jury answered in the affirmative the question: "Did the plaintiff suffer any damage by reason of the fire referred to in the pleadings?" And to the question "What was the amount of plaintiff's loss and damage?" "$51,586.14." Defendants' motion for a new trial was denied. From the order denying their motion for a new trial and from the order for judgment, defendants appealed. Affirmed.

*William P. O'Brien* and *Bates, Hicks & Falonie*, for appellants.
*O'Brien, Stone, Horn & Stringer*, for respondent.

HALLAM, J.

1. This action was brought to recover on policies of fire insurance covering a stock of wall paper. The only issues in the case were whether plaintiff suffered a loss by fire, and if so in what amount. The case was submitted to the jury and a verdict returned in plaintiff's favor for $51,586.14. Plaintiff was a wholesale dealer in wall paper and other articles, at 69 East Fifth street in the city of St. Paul. The premises occupied by plaintiff were part of a large, four story building, the other portion of which was occupied by the Kennedy Brothers Arms Company. On the twenty-third of November, 1920, at about midday, a fire broke out in the Kennedy store. There was no fire upon plaintiff's premises, but there was some smoke from the Kennedy fire and the claim of plaintiff is that this smoke caused the damage claimed. Defendants very strenuously contended that there was no considerable amount of smoke in plaintiff's premises and no substantial damage at all.

The question whether plaintiff did suffer the damage claimed was purely a question of fact, and the question we are concerned with is whether there is evidence sufficient to sustain the verdict. The testimony on behalf of plaintiff is that there was a considerable amount of smoke in plaintiff's store; that there was an intense odor of smoke; that there was evidence of smoky dust or soot; that on the first floor there was a hazy atmosphere all over the store, a dense volume of smoke on the stairway leading to the second floor; that on the second floor smoke was so thick that it was barely possible

to see a distance of 45 feet, and so thick that witnesses said they could not get upstairs. Plaintiff's testimony is that on the third and fourth floors the smoke was not so thick, but that there was considerable smoke there.

Between plaintiff's premises and the Kennedy store was a brick partition wall, but the testimony on behalf of plaintiff is that there was an opening in the basement through which smoke came and that it ascended very largely along the line of a pipe against the wall in the vicinity of the stairways. The testimony is very voluminous on both sides, but we think there is sufficient to sustain the finding that there was very substantial damage from smoke to plaintiff's stock.

2. The next contention is that the damages are largely excessive. This also is a pure question of fact. The testimony is that the action of smoke upon wall paper is insidious. Paper may be very substantially damaged by smoke without presenting any appearance of damage at all. Wall paper retains the smell of smoke, sometimes for long periods after it is hung on the wall, and, if damaged by smoke, it will sometimes show streaks after it has been hung. The danger of these conditions arising after the paper is on the wall is such that dealers will not buy smoke damaged wall paper even though the damage does not appear to the eye, except at greatly reduced prices. The evidence is abundant that a stock of wall paper, subjected to the smoke which plaintiff's witnesses claim was there, would be damaged from 50 to 75 per cent. One of plaintiff's principal witnesses, after careful calculation, placed the damage at substantially the amount returned by the jury. We think the evidence is sufficient to sustain the jury's finding as to the amount of damage.

3. Some exceptions are taken to rulings on evidence. Some of plaintiff's witnesses were asked a hypothetical question which called for an estimate of the amount of damage that would in their opinion follow from subjecting a stock of wall paper to the smoke conditions testified to by plaintiff's witnesses. We see no objection to this line of testimony. Some of the witnesses, to whom hypothetical ques-

tions were put, had less qualification to testify as experts than others, but the matter of qualification rests largely in the discretion of the trial court, and we think there was no error.

4. One of plaintiff's witnesses who had charge of the sale of the stock after the fire, was asked what amount he obtained for the damaged stock. Before objection could be interposed, he answered: "44,000 dollars." The answer was later stricken out. Defendants complain that this testimony, which they contend was improperly in the case, prejudiced the jury. It does appear that the jury computed the damage on a basis of a value of about $44,000 after the fire. We think, however, that defendants have no right to complain. The court admonished the jury not to regard this testimony. The witness had already testified that the value of the stock after the fire was $44,000, and further than that we think the testimony was admissible. The witness gave in a good deal of detail the efforts which he employed to sell the stock after the fire, among dealers over the country; and the difficulties of sale. He stated that he considered that he handled the matter in the most practical and business-like way, and under all of these conditions we know of no better testimony as to value than the amount that could be obtained with the greatest possible effort in the open market. We find no error in the case.

Orders affirmed.